JOHN G. WETHERELL *& al. versus* HOSEA HUGHES.

In an action against an officer for not maintaining possession of personal property, which he has returned as attached upon a writ, his return is evidence of possession, that will render him liable, if the case discloses nothing to show that such return was made under misapprehension, and the creditor in the suit omits no duty required on his part, to fix the liability of the officer.

A demand, upon an officer, for personal property attached on a writ, within thirty days from the rendition of judgment, is indispensable to fix his liability, unless other facts are shown that supersede the necessity of a demand.

An officer who had attached, on a writ, property that could not be removed, and neglected to file in the town clerk's office a certificate, as the statute requires, or to keep actual possession of it, is released from liability to the creditor in the suit, if he neglect seasonably, on execution, to demand the property of the officer, although it had been sold pending his suit, on an execution against the same debtor in favor of another creditor.

ON REPORT from *Nisi Prius.* HATHAWAY, J.

*G. F. Talbot* for plaintiffs.

*B. Bradbury* for defendant.

The opinion of the Court was drawn up by

TENNEY, C. J. — This action is for the default of the defendant, as a Coroner of the county of Washington, to whom was committed, for service, a writ of attachment in favor of the plaintiffs, and a person since deceased, they being all members of a co-partnership, against one Kelliher, with written instructions on the back of the writ to " attach property." The first count in the writ charges the defendant with having " neglected and refused" to attach a certain house and barn, the property of the defendant in the writ against Kelliher, according to the precept thereof and the order of the plaintiffs.

It is not denied that the writ was duly delivered to the defendant, and that he was bound by law to attach the house and barn referred to, as personal property, they being placed upon the land of a stranger.

On January 23, 1854, the defendant made his return upon the writ, stating that he had, by virtue thereof, among other

things, attached the house and the barn as the property of the defendant in the writ, and that he had left an attested copy of the writ at the last and usual place of abode of said Kelliher; and he further returned, that he had filed a certificate (stating the contents thereof,) in the town clerk's office, in the town of Cherryfield, that being the place of the residence of said Kelliher, of the attachment of said house and barn. The return made by this defendant and filed in the town clerk's office, and the return upon the writ, are parts of this case. These certificates are not conformable to the R. S., c. 114, § 39, and they are so defective, that it is not contended, in defence, that they are sufficient to preserve the attachment upon the house and barn.

The return of the officer, upon the back of the writ against Kelliher, shows that he did attach the house and the barn, and there is nothing in the case tending to show that the return was made under any misapprehension of the defendant, in certifying that an attachment was made, when it was otherwise. This return is evidence that he took possession, which is necessary to constitute a valid attachment of personal property.

The requisite certificate not having been filed with the town clerk, and no return of the defendant that it had been done, the attachment was lost, after the lapse of five days from the time it was made, it not being contended that the possession was retained by the defendant. The property was then free to be taken on any other writ or execution.

While the plaintiff's suit was pending in Court, judgment was obtained in another action, and, upon an execution issued thereon, the house and barn were seized and sold. And, when judgment was obtained in the plaintiff's action against Kelliher, and execution taken thereon, and put into the hands of another officer, it was returned satisfied in part only, from certain other property attached on mense process, and from the goods, effects and credits of trustees, who were parties in the action; and the officer returned that he could find no other property within his precinct. The officer was clearly liable

for not retaining the property attached, if every thing had been done on the part of the plaintiffs, which they could have done, by the exercise of proper care and diligence. But not upon the ground that he had refused or neglected to make the attachment.

The second count in the writ charges the defendant with having omitted to perfect his attachment, by filing the certificate required by the statute with the town clerk. But, if this were, in fact, the whole of the second count, it would not cover the case of the plaintiffs, as shown by the evidence and admissions.

But the original writ is made a part of the case, and on analysing the second count, it is, in substance, a charge against the defendant for not retaining the property attached on the writ. The case finds, that the execution on the plaintiffs' judgment was taken out and put into the hands of F. L. Jackson, a deputy sheriff of the county of Washington, within thirty days after the judgment was rendered; but that no demand, whatever, was made upon the defendant, to surrender the house and barn, which he had attached on mesne process. On the authority of the case of *Pearson* v. *Tincker*, 36 Maine, 384, and other cases, such demand was indispensable, in order to fix the liability of the defendant, unless other facts than those appearing in this case should supersede the necessity of doing so.

According to the agreement of the parties, the plaintiffs are to become                                                       *Nonsuit.*

RICE, APPLETON, HATHAWAY, CUTTING, and GOODENOW, J. J., concurred.